UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ANTHONY AMIGON,

                                          Plaintiff,

v.

DYLAN J. LUZON, et al.,

                                          Defendants.
-----------------------------------------------------------X

**OPINION AND ORDER**

21-CV-02029 (PMH)

PHILIP M. HALPERN, United States District Judge:

On July 16, 2025, by Opinion and Order, the Court granted the motion for summary judgment filed by the Village of Dobbs Ferry (the "Village"), Officer Dylan Luzon ("Luzon"), and Officer Michael Digilio ("Digilio," with Luzon, the "Officer Defendants," and collectively, "Defendants"). (Doc. 107, "Prior Order").[1] On July 17, 2025, the Clerk of Court entered Judgment in favor of Defendants and closed the case. (Doc. 108, "Judgment"). On July 30, 2025, Plaintiff filed a "Notice of Motion for Reconsideration in Order to Prevent a Manifest Injustice," requesting reconsideration of the Prior Order granting Defendants' motion for summary judgment (the "Motion"). (Doc. 109, "Pl. Br.").[2] Defendants opposed the Motion. (Doc. 110, "Def. Opp."; Doc. 111, "Collins Decl.").[3]

---

[1] The Prior Order is also available through commercial databases. *Amigon v. Luzon, et al.*, No. 21-CV-02029, 2025 WL 1952581 (S.D.N.Y. July 16, 2025).

[2] Plaintiff's "Notice of Motion for Reconsideration in Order to Prevent a Manifest Injustice," does not identify a specific legal basis for the relief he seeks. (*See* Local Civil Rule 7.1). While this alone may provide a basis for dismissal, the Court, in its discretion, and because the Plaintiff is *pro se*, construes the Motion as brought pursuant to Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York and/or Federal Rule of Civil Procedure 60(b). *See Delux Pub. Charter, LLC v. Cnty. of Westchester, New York*, No. 22-CV-01930, 2024 WL 3252948, at *12 n.11 (S.D.N.Y. July 1, 2024).

[3] Local Civil Rule 6.3 explicitly bars any party from filing an "affidavit unless directed by the Court." (*See* Local Civil Rule 6.3). Defendants did not seek, and the Court thus did not grant, leave to file an affidavit in connection with the Motion. Accordingly, the Court declines to consider the Collins Declaration, which Defendants apparently proffered to demonstrate Plaintiff's alleged untimely service of the Motion (*see* Doc. 111). *See New York City Transit Authority v. Express Scripts, Inc.*, No. 19-CV-05196, 2022 WL 3577426,

For the reasons set forth below, Plaintiff's motion for reconsideration is DENIED.

## STANDARD OF REVIEW

"Motions for reconsideration are governed principally by Federal Rule of Civil Procedure 59(e)[,] [60(b),] and Local Civil Rule 6.3, which are meant to 'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'" *In re Gen. Motors LLC Ignition Switch Litig.*, 14-MD-02543, 2021 WL 1700318, at *1 (S.D.N.Y. Apr. 29, 2021) (quoting *Medisim Ltd. v. BestMed LLC*, No. 10-CV-02463, 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012)); *In re Facebook, Inc., IPO Secs. & Derivative Litig.*, 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014) ("The standards governing motions under Local Rule 6.3 along with Fed. R. Civ. P. 59(e) and 60(b) are the same."). Reconsideration of a court's order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys. Inc. Secs. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000).

The movant must demonstrate that the Court overlooked "controlling decisions or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "Generally, a party seeking reconsideration must show either 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Phx. Light SF Ltd. v. U.S. Bank Nat'l Ass'n*, 14-CV-10116, 2020 WL 4699043, at *1 (S.D.N.Y. Aug. 12, 2020) (quoting *In re Beacon Assocs. Litig.*, 818 F. Supp. 2d

---

at *2 (S.D.N.Y. Aug. 19, 2022). Even if the Court were to consider that document and find that the Motion was untimely under Local Civil Rule 6.3, given the liberality with which *pro se* submissions are treated, the Court would construe the motion as timely filed under Rule 60(b). *See Lawtone-Bowles v. U.S. Bank Nat'l Ass'n as Tr. for Holders of MLMI Tr. 2002-AFC Asset-Backed Certificates, Series 2002-AFC1*, No. 19-CV-05786, 2021 WL 1518329, at *1 n.1 (S.D.N.Y. Apr. 16, 2021); *see also* Fed. R. Civ. P. 60(c)(1) ("[A] motion made under Rule 60(b) must be made within a reasonable time," unless made under subsections (1)-(3), which must be made within a year.).

697, 701-02 (S.D.N.Y. 2011)). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)); *Polsby v. St. Martin's Press, Inc.*, No. 97-CV-00690, 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) ("[A] party may not advance new facts, issues or arguments not previously presented to the Court."). "Therefore, a motion for reconsideration should be denied if the moving party merely offers substantially the same arguments he offered on the original motion." *Premium Sports Inc. v. Connell*, No. 10-CV-03753, 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (cleaned up). Motions for reconsideration "must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000). The decision of whether to grant or deny a motion for reconsideration is within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009).

## ANALYSIS

Plaintiff's Motion seeks reconsideration of the Prior Order on the following bases: (1) the Court failed to consider a statement by Officer Luzon; (2) failed to "fairly" consider Plaintiff's argument concerning alleged "judicial admissions" in analyzing the applicability of the automobile exception; and (3) the Court misapplied the law concerning Plaintiff's consent to search his vehicle. (*See* Pl. Br. at 4-6). The Plaintiff asks the Court ". . . to revisit the arguments made [by Plaintiff] in . . . opposing the defendants['] summary judgment motion." (*Id.* at 3). Of course, the revisiting of arguments already made and considered by the Court is exactly what reconsideration is not meant to accomplish. Nevertheless, the Court analyzes each *seriatim*.

I/II.     Automobile Exception and Alleged Judicial Admissions

Plaintiff first seeks reconsideration of the Prior Order on the ground that the Court allegedly "did not consider . . . whatsoever" the statement made by Officer Luzon—"but now he's suspended so now he has no choice"—in concluding that the automobile exception applied to the facts at hand. (Pl. Br. at 4). Plaintiff claims that if the Court had considered such statement, it would "point[] to the fact [the Officer Defendants'] believed justification to search was due to the 2 prior license suspensions;" and not due to the probable cause determination concerning the smell of marijuana under the automobile exception. (*Id.*). Plaintiff is mistaken. The Court, in the Prior Order, considered all of the admissible facts in the record, including a careful review of the dash cam video of the traffic stop at issue. The Court determined that in light of the "totality of the circumstances," the record was more than adequate to sufficiently establish probable cause that Plaintiff's vehicle contained "contraband or evidence of a crime." (Prior Order at 3-4, 10-12).

Plaintiff also seeks reconsideration as to his alleged "judicial admission" argument. (Pl. Br. at 4-5). Plaintiff, in arguing that "Defendant[s'] counsel . . . admits in [the] form of a leading question that the defendants did not use the marijuana as a basis to search the vehicle," concedes that this argument is simply a "reiterat[ion] [of] what [he] ha[d] already mentioned in [his] opposition brief." (*Id.*). First, a lawyer's question is not evidence; and cannot be construed as such. Additionally, and separately, Plaintiff's dissatisfaction with the Court's ruling in the Prior Order is not a proper basis for reconsideration. S*ee In re Motors Liquidation Co.*, No. 13-CV-01721, 2014 WL 335599, at *1 (S.D.N.Y. Jan. 28, 2014) ("A motion for Rule 60(b) relief is properly denied where the moving party merely seeks to relitigate an issue already decided." (citing *Donovan v. Sovereign Sec., Ltd.*, 726 F.2d 55, 60 (2d Cir. 1984) (noting that a party may not use Rule 60 "simply to relitigate matters settled by the original judgment")); *Benjamin v. Goord*, No.

4

02-CV-01703, 2010 WL 3341639, at *1 (S.D.N.Y. Aug. 18, 2010) ("A motion for reconsideration is not, however, a 'second bite at the apple' for a party dissatisfied with a court's ruling." (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998))). In any event, the Prior Order addressed Plaintiff's argument, finding the record "[in]sufficient to constitute a judicial admission" (Prior Order at 11 n.10).

Accordingly, the branch of Plaintiff's motion concerning the Court's prior ruling about the automobile exception and alleged "judicial admission" is denied.

### III.    Consent

Plaintiff also argues that the Court improperly held that Plaintiff consented to the search of his vehicle, as "no reasonable person who was not free to leave would reasonably believe that they could refuse a search." (Pl. Br. at 6). Plaintiff fails to "point to controlling decisions or data that the court overlooked," and in fact, fails to cite to any precedent other than the standard applied by the Court in the Prior Order. (Prior Order at 12-14). It is also important to note that Plaintiff mischaracterizes the Court's decision in the Prior Order. Specifically, Plaintiff includes arguments in the Motion concerning his statement "OK, no problem," in response to being asked by Defendants to search his automobile. However, the Prior Order expressly did not reach the issue of whether this statement constituted consent to search the entire vehicle. (*Id.* at 13 n.11 ("While the voluntariness of Plaintiff's statement, 'Ok, no problem' may pose a closer question when considering the *Collins* factors, the Court need not, and does not, reach this issue in light of the Court's finding of probable cause through the automobile exception . . . .")). Instead, the Court held that the record supported a finding that Plaintiff "voluntarily consented to a search of the trunk of his vehicle." (*Id.* at 14). Plaintiff has provided no evidence of "matters . . . that might reasonably

be expected to alter the conclusion reached by the court." *Murray v. Dutcavich*, No. 17-CV-09121, 2020 WL 3318212, at *1 (S.D.N.Y. June 18, 2020).

Thus, the branch of Plaintiff's motion concerning consent is similarly denied.[4]

## CONCLUSION

Because Plaintiff has failed to raise any intervening change of controlling law, the availability of new evidence, the need to correct a clear error, or the need to prevent manifest injustice, the motion for reconsideration of the Prior Order is DENIED.

The Clerk of Court is respectfully requested to terminate the pending motion (Doc. 109).

SO ORDERED:

Dated: White Plains, New York
October 1, 2025

_____
Philip M. Halpern
United States District Judge

---

[4] The Court also declines to consider Plaintiff's belated request, made in a sentence in the "Conclusion" section of his brief, that the Court "consider why the practice [of utilizing the odor of marijuana to provide probable cause] is no longer in effect and why it is the current policy that prevents abuses by law enforcement." (Pl. Br. at 7; *see* Prior Order at 10 n. 9). This new argument is not appropriate on a reconsideration motion. *Schansman v. Sberbank of Russia PJSC*, 781 F. Supp. 3d 184, 194 (S.D.N.Y. 2025).