UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY AMIGON,

                    Plaintiff,

          -against-

DYLAN J. LUZON, et al.,

                    Defendants.

**ORDER**

21-CV-02029 (PMH)

PHILIP M. HALPERN, United States District Judge:

The Court, by October 1, 2025 Opinion and Order (Doc. 116, the "Reconsideration Order"), denied Plaintiff's motion for reconsideration of the Court's July 16, 2025 Opinion and Order granting summary judgment to Defendants (Doc. 107).

Sixty days after the Reconsideration Order was entered, on December 1, 2025, Plaintiff filed a motion for extension of time to file a notice of appeal (Doc. 117, "Pl. Br."), and a notice of appeal (Doc. 118). On December 11, 2025, Defendants filed a response to Plaintiff's motion. (Doc. 119, "Def. Br."). Plaintiff filed a reply on December 30, 2025. (Circ. Doc. 13, "Reply").[1]

For the reasons set forth below, the motion for extension of time to file the notice of appeal is GRANTED.

## ANALYSIS

"An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4."

---

[1] The reference to "Circ. Doc." is to the electronic docket associated with Plaintiff's appeal in the Second Circuit, No. 25-3038. Plaintiff did not file his reply with the district court clerk, despite the notation on the Second Circuit docket associated with Plaintiff's late notice of appeal stating the following: "copy of reply to defendants opposition filed in the District Court." *See Amigon v. Luzon*, et al., No. 25-3038 (2d Cir. Dec. 3, 2025) ("Plaintiff's Appeal"). However, as the Court may take judicial notice of the Second Circuit docket associated with Plaintiff's Appeal, and considering Plaintiff's *pro se* status, the Court will consider Plaintiff's reply as properly filed. *See Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000).

Fed. R. App. P. 3(a)(1). Rule 4, in turn, requires that "the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). Further, where a party files a motion under Rule 60 or Rule 59 of the Federal Rules of Civil Procedure, "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion." Fed. R. App. P. 4(a)(4)(A). This Court may, however, extend a party's time to file a notice of appeal when:

> (i) a party so moves *no later* than 30 days after the time prescribed by this Rule 4(a) expires; *and*
>
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5)(A) (emphasis added).

Excusable neglect and good cause are two distinct standards and therefore may not be used interchangeably. *See Alexander v. Saul*, 5 F.4th 139, 147 (2nd Cir. 2021). "The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant. The 'good cause' standard, in contrast, applies in situations in which there is no fault—excusable or otherwise, such as when the Postal Service fails to deliver a notice to appeal." *Id.*

Defendant argues that the Court should analyze Plaintiff's application under the "excusable neglect" standard, as Plaintiff "fail[ed] to identify any reason why he was unable to file a timely [Notice of Appeal]." (Def. Br. at 2). While the Court acknowledges that Plaintiff did in fact fail to provide any reason for his delay in his moving papers (*see* Doc. 117), Plaintiff argues, in his reply, that he was under the impression that "he was within the time to file," apparently misconstruing Rule 4(a)(1)(B) as applicable to his case. (Reply at 2). Therefore, "[w]hether characterized as 'inadvertence, mistake, or carelessness,' this error constitutes neglect," and the Court conducts the

2

analysis pursuant to the multi-factor "excusable neglect" test. *See Cano v. SEIU, Local 32BJ*, No. 19-CV-08810, 2023 WL 6541773 at *1 (S.D.N.Y. Sept. 5, 2023).

The burden of proving excusable neglect lies with the moving party. *See Midland Cogeneration Venture Ltd. P'ship v. Enron Corp. (In re Enron Corp.)*, 419 F.3d 115, 121 (2d Cir. 2005). Under this standard, courts consider four factors: "[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Alexander*, 5 F.4th at 148 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993). It is also important to note that courts give the third factor, the "reason for the delay," "dispositive weight" in the analysis, often moving in favor of the non-movant even if the other three factors favor the party seeking extension. *Saul*, 5 F.4th at 149.

Despite this strict standard, "a notice of appeal filed by a *pro se* litigant must be viewed liberally," *Grune v. Coughlin*, 913 F.2d 41, 43 (2d Cir.1990), as "[t]he federal rules are complex, and the court may find excusable neglect in a pro se litigant's confusion about how they work." *Cano*, 2023 WL 6541773 at *2 (quoting *Whitfield v. Howard*, 852 F.3d 656, 660–61 (7th Cir. 2017)). Further, "[a]lthough ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect, courts have given weight to the fact that a litigant is *pro se* when determining whether neglect is excusable." *Id.* at *2 (citation modified).

As an initial matter, Plaintiff's motion for leave to file a late notice of appeal was timely filed. Plaintiff's motion for reconsideration was decided by Opinion and Order on October 1, 2025. Plaintiff therefore had until October 31, 2025, to file a timely notice of appeal within the initial 30-day time period, or until December 1, 2025 to fall within the 30-day grace period. *See* Fed. R.

App. P. 4(a)(5)(A). As Plaintiff filed his notice along with a motion for extension on December 1, 2025 (*see* Docs. 117, 118), this sufficiently places his request for an extension within the 60-day time frame in which he may move for an extension of time. Accordingly, the Court moves on to the multi-factor excusable neglect test as set forth in *Pioneer Inv. Servs. Co.*, 507 U.S. at 395.

The Court acknowledges that Plaintiff filed his motion on the last permissible day to file. Nevertheless, the first and second factors weigh slightly in favor of Plaintiff, or at the very least, are neutral, as the danger of prejudice to the Defendants is not overly substantial and the delay is minimal, as Plaintiff filed the notice of appeal within the allowable period for obtaining an extension. *See Cano*, 2023 WL 6541773, at *2. Similarly, the fourth factor also favors Plaintiff as there is no indication that his failure to meet the deadline was motivated by bad faith. Thus, the dispositive issue at hand is the third factor, specifically, Plaintiff's reason for delay. *Pioneer Inv. Servs. Co.*, 507 U.S. at 395.

Plaintiff claims that his lawsuit against "a police department and 2 police 'officers'," left him with the impression that he had the full 60 days to file his notice of appeal, apparently referring to Rule 4(a)(1)(B) of the Federal Rules of Appellate Procedure. (Reply at 1-2). This provision only applies however, and as relevant to Plaintiff's argument, "if one of the parties is . . . a United States officer or employee sued in an official capacity," or is "a current or former United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf." Fed. R. App. P. 4(a)(1)(B)(iii)-(iv). Plaintiff's lawsuit does not trigger either of these provisions, as Defendants are not officers or employees of the United States. (*See* Doc. 75, "Third Am. Compl."). As such, Rule 4(a)(1)(A) applies to this case. Nevertheless, upon review of the papers, the lack of prejudice to Defendants, and considering Plaintiff's *pro se* status, the Court accepts Plaintiff's excuse as reasonable.

Thus, the Court grants Plaintiff's motion for an extension of time to file his notice of appeal.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion for an extension of time to file a notice of appeal. Specifically, the Court GRANTS Plaintiff's application *nunc pro tunc*, and deems Plaintiff's notice of appeal filed on December 1, 2025 as timely filed. (*See* Doc. 118).

The Clerk of Court is respectfully directed to terminate the motion sequence pending at Doc. 117 and mail a copy of this Order to Plaintiff.

**SO ORDERED:**

Dated:    White Plains, New York
          March 20, 2026

_____
PHILIP M. HALPERN
United States District Judge

5